IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RICKY DENTON | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-140 |
| FEDERAL BUREAU OF PRISONS, *et al.*, | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Ricky Denton, an inmate confined at USP Beaumont, proceeding *pro se*, filed this *Bivens*-type action[1] against Defendants the Federal Bureau of Prisons and the unnamed Warden of USP Beaumont.

The court has received and considered the Report and Recommendation of former Magistrate Judge Keith Giblin filed pursuant to such order, along with the record, and pleadings (Doc. # 2).[2] Plaintiff filed Objections to the Report and Recommendation (Doc. #s 4 & 6). This requires a *de novo* review of the Objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The magistrate judge recommended the case be dismissed pursuant to 28 U.S.C. § 1915(g) as Plaintiff has incurred three or more strikes and does not allege he was under imminent danger (Doc. # 2). The crux of Plaintiff's complaint is that the Defendants "arbitrarily and without due process" deprived Plaintiff of his property in violation of the Fifth and Fourteenth Amendments when they froze Plaintiff's inmate trust account without a pre-deprivation hearing. *Id.*, pg. 2. Plaintiff alleges that pursuant to an unidentified "Local Rule," the Defendants "froze $1,750.00 U.S. currency belonging to Plaintiff." *Id*.

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Former Magistrate Judge Keith Giblin retired in August of 2021. This case was referred to Magistrate Judge Christine Stetson on September 15, 2021 (Doc. # 9).

After the Report and Recommendation was entered, Plaintiff filed a Motion for the Court to Order the Defendants to Forward the Required Filing Fee to the Court (Doc. # 3).  In his Objections, Plaintiff asserts the same claims and reasserts his request that the court order the Defendants to forward the filing fee to the Clerk of Court (Doc. #s 4-7).

Plaintiff's Objections are simply without merit.  In ordering the Defendants to forward the filing fee to the Clerk of Court in this case, the court would have to make a merit-based determination on Plaintiff's alleged constitutional violations of deprivation of property.[3]  As previously stated, these claims do not involve any assertion that Plaintiff is under imminent danger as required by 28 U.S.C. § 1915(g).

## ORDER

Accordingly, plaintiff's Objections are **OVERRULED**.  The findings of fact and conclusions of law of the magistrate judge are correct, and the reports of the magistrate judge are **ADOPTED**.  A Final Judgment will be entered in accordance with the recommendation of the magistrate judge.

**SIGNED** this the **31** day of **January, 2022.**

_____
Thad Heartfield
United States District Judge

---

[3] The court also notes that Plaintiff's pleadings fail to describe how the Federal Bureau of Prisons as an entity and the Warden of USP Beaumont could be personally involved in the alleged deprivation.  Personal involvement is an essential element of any *Bivens* claim.  *See Guerrero-Aguilar v. Ruano*, 118 F. App'x 832, 833 (5th Cir. 2004) (not designated for publication) (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983); *Izen v. Catalina*, 382 F.3d 566, 570 n. 3 (5th Cir. 2004)).